# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01212-WYD-BNB

ROCKY MOUNTAIN CHOCOLATE FACTORY, INC.,

    Plaintiff,

v.

SDMS, INC.,
THOMAS P. ANDERSON, and
KENNETH PECUS,

    Defendants.

## CONFIDENTIALITY STIPULATION AND ORDER

Upon stipulation of the parties below and showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1.    This Stipulation and Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.    As used in this Stipulation and Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" ("Confidential Information") shall be information or documents that are confidential, proprietary or otherwise implicate common law and statutory privacy interests of (a) the parties, including under the Colorado Uniform Trade Secrets Act, Colo. Rev. Stat. § 7-74-101 *et seq.*; (b) other third parties, including current or former RMCF franchisees, employees, or shareholders. Documents or information may only be designated CONFIDENTIAL after review by a lawyer, and the designation must be based on a good faith belief that the information or document is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7). *See Gillard v. Boulder Valley Sch Dist.*, 196 F.R.D. 382, 386 (D. Colo. 2000).

4. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Documents or information can also be designated as CONFIDENTIAL by a separate letter or correspondence clearly identifying the subject documents or information. Documents may be designated as CONFIDENTIAL at any time and inadvertent production of Confidential Information shall not be construed as a waiver of confidentiality.

5. No document or information labeled or identified as CONFIDENTIAL produced in this action may be disclosed to any person or entity except as provided herein or upon the written consent of the producing party.

6. Notwithstanding Paragraph 5, the Confidential Information may be disclosed to the Plaintiff and Defendants and their counsel (including secretaries, paralegals, and employees of such attorneys) and to experts or consultants retained for the purpose of assisting counsel, to deponents pursuant to paragraph 6, to witnesses at any proceeding in this case and to Court personnel and stenographic reporters.

7. With regards to Confidential Information in depositions:

(a) A deponent may during the deposition be shown, and examined about, Confidential Information, subject to the terms of this Stipulation and Order. Deponents shall not retain or copy confidential documents or portions of the transcript of their depositions that contain Confidential Information provided to them or the entities they represent under other provisions of this Stipulation and Order.

(b) A Producing Party shall identify testimony as containing Confidential Information at the time the testimony is given by inserting a designation in the record that the proffered testimony (or portion thereof) is "Confidential" and requesting the exclusion of persons not entitled to have access thereto from the room. A Producing Party may also designate a portion of deposition testimony as confidential by so indicating to all parties in writing within 30 days after the transcript is available. The designation must include a starting and ending line and page reference.

8. If another person, entity, court or administrative agency subpoenas or orders production of any Confidential Information which any party has obtained under the terms of this Stipulation and Order, that party shall promptly notify the party that produced the Confidential Information of such subpoena or order and allow the producing party sufficient time to present objections to the extent it chooses to do so.

9. Persons obtaining access to Confidential Information under this Stipulation and Order, including the parties, their attorneys and experts, shall use the information only for purposes with respect to this action, and shall not use such information for any other purpose, including business, governmental, commercial, or administrative or judicial proceedings; nor shall such persons disclose the information contained in such documents to any persons other than those to whom disclosures of such documents can be made under this Stipulation and Order.

10. Prior to disclosing any Confidential Information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Stipulation and Order and obtain from such person a written acknowledgment stating that he or she has read this Stipulation and Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

11. The provisions of this Stipulation and Order shall not terminate without further order of Court. Upon request by the producing party after the above-captioned action has concluded (including any appeals) all confidential documents and all copies of the same shall be returned to the producing party. Should the producing party make such request, it shall bear the cost and expense incurred in returning such documents, including, without limitation, postage and attorneys' fees

12. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the document or information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Stipulation and Order. It such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Stipulation and Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be

treated as CONFIDENTIAL in accordance with this Stipulation and Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL. *See Gillard,* 196 F.R.D. at 388-89.

13. Nothing in this Stipulation and Order shall be construed to waive the attorney-client or work product privileges or any other objection or privilege to or from discovery with respect to any documents or information in this litigation.

14. Nothing in this Stipulation and Order shall prevent any party or other person from seeking its modification or from objecting to discovery.  This Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

| | |
|---|---|
| *s/ Leonard H. MacPhee* _____ | *s/ Rebecca J. Fortune* _____ |
| Leonard H. MacPhee | |
| Perkins Coie LLP | |
| 1899 Wynkoop Street, Suite 700 | Rebecca J. Fortune |
| Denver, CO 80202 | Lynn & Fortune, LLP |
| Telephone: (303) 291-2300 | 2368 Second Avenue |
| Email: ="mailto:lmacphee@perkinscoie.com" | San Diego, CA 92101 |
| M A C R O B U T T O N   H t m l R e s A n c h o r | (619) 2339464 |
| lmacphee@perkinscoie.com | Email: rfortune@lynnfortunelaw.com |
| | |
| ATTORNEYS FOR PLAINTIFF | ATTORNEYS FOR DEFENDANTS |

Done this 7th day of March, 2007.

BY THE COURT:

s/ Boyd N. Boland_____
United States Magistrate Judge