IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 06-cv-01212-WYD-BNB

ROCKY MOUNTAIN CHOCOLATE FACTORY, INC.,

    Plaintiff,

v.

SDMS, INC.,
THOMAS P. ANDERSON, and
KENNETH PECUS,

    Defendants.

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion for Clarification of Court's November 30, 2007 Order (filed June 12, 2007). The motion filed by Plaintiff Rocky Mountain Chocolate Factory ["RMCF"] seeks clarification of the Order which ruled on the cross motions for summary judgment. Defendants' response was filed on June 25, 2008, and a reply was filed on July 10, 2008. For the reasons stated below, RMCF's motion is granted consistent with this Order.

The motion to clarify is based on the parties' disagreement as to the scope of Defendants' surviving claims and, specifically, the scope of the one remaining misrepresentation that forms the basis of the fraud counterclaim. RMCF asserts that the only remaining misrepresentation is that stated by the Court in its Order which is based on the Notes to Item 19 in the UFOC that "We do not have access to nor

knowledge of the expenses or costs incurred by each of the 169 franchised stores." Pl.'s Mot. for Clarification at 2.

Defendants disagree, stating that "is but one piece of additional factual evidence related to SDMS' underlying allegations." Defs.' Resp. to RMCF's Mot. for Clarification at 2. They assert that the above alleged misrepresentation was provided only as an example of a disputed material fact sufficient to survive summary judgment. In the alternative, Defendants "invite the Court to acknowledge and affirm their first misrepresentation as actually plead at paragraphs 26, 28, 31, 39, 42, 48 and 51 of the First Amended Counterclaim, i.e., 'the claimed earnings' of other RMCF franchises included within RMCF's Offering Circular did not represent RMCF's knowledge with regards to the *actual* financial performance of such franchises …" and "Had it not been for the material misstatements of RMCF in their Offering Circular and, those verbal representations made by RMCF representatives consistent with statements contained within the Offering Circular, Counter-claimants would not have executed the RMCF Franchise Agreement." *Id.* at 2-3.

I first reject Defendants' argument that the allegation which I found was the basis of the first misrepresentation, "We do not have access to nor knowledge of the expenses or costs incurred by each of the 169 franchised stores" was provided only as an example of a disputed material fact sufficient to survive summary judgment, and that the first misrepresentation should be broader. Defendants were on notice through the summary judgment motion that Plaintiff sought judgment as to what it understood to be the basis of that claim. Defendants thus had the duty to advise the Court and RMCF in

its response brief if its fraud allegations were broader than posited by RMCF in its summary judgment motion. Indeed, that is the purpose of summary judgment motions - to test the allegations and determine if they are sufficient to survive to trial. Further, since fraud claims must be pled with particularity pursuant to Fed. R. Civ. P. 9(b), Defendants cannot now rely on allegations broader than actually pled in the counterclaim.

Further, to the extent that Defendants rely on the allegation in its counterclaim that "the claimed earnings' of other RMCF franchises included within RMCF's Offering Circular did not represent RMCF's knowledge with regards to the *actual* financial performance of such franchises" I agree with RMCF that Defendants abandoned this allegation at the summary judgment stage. That is because they failed to address RMCF's arguments on that issue in the summary judgment briefing and at the hearing on this matter and instead argued that the alleged misrepresentation consisted only of the statement that RMCF *does not have access to* the listed stores' expense and cost information. *See, e.g., Schioppo v. Costco Wholesale Corp.*, No. 06-cv-02274-EWN-MJW, 2007 WL 4277455, at *10 (D. Colo 2007) (slip op.) (holding that where one version of a claim was not addressed in response to summary judgment motion, and where the response brief instead "attempt[ed] to amend" the claim, the original version of the claim was deemed abandoned) (citing *Guardian Title Agency, LLC v. Matrix Capital Bank,* 141 F. Supp. 2d 1277, 1283 n.2 (D. Colo.2001) (where plaintiff's response to motion to dismiss failed to address defendant's argument on a claim, the claim was deemed confessed)); *see also Goodwin v. General Motors Corp.*, 275 F.3d 1005 (10th

Cir. 2002) (affirming decision deeming a claim abandoned where party failed to address the claim in response to a summary judgment motion).  Allowing Defendants to resurrect this claim now would be unfair and prejudicial to RMCF.

Moreover, I agree with RMCF that its summary judgment motion showed that the claim fails as a matter of law.  The UFOC expressly cautioned that RMCF was providing only gross sales numbers and not "actual financial performance" or cost information.  Indeed, Defendants admitted that RMCF, in its UFOC listing the gross sales of the top 75% of franchise stores open for at least twelve months, expressly advised the reader that the information provided was limited to "Gross Sales" and did not show net or profit and should not be relied upon as indicative or predictive of what the prospect would experience, and that the prospect should undertake his or her own due diligence regarding financial performance (including by inquiring with current and former franchisees).  The parties also agreed that the UFOC contained a cautionary warning in bold letters noting that the data on "actual gross sales of franchised stores during [RMCF's] most recent fiscal year . . . should not be considered as the actual, potential or probable gross sales that will be realized by [defendants] or any other franchisees."  Based on the foregoing, when Defendants signed the franchise agreement, they knew or should have known that RMCF was only providing gross sales information and not any cost or expense information or showing profit.  At the very least, Defendants waived the right to contest the foregoing when they failed to respond to these arguments in the summary judgment briefing.

Defendants also rely on the allegation in the Amended Counterclaims that, "Had it not been for the material misstatements of RMCF in their Offering Circular and, those verbal representations made by RMCF representatives consistent with statements contained within the Offering Circular, Counter-claimants would not have executed the RMCF Franchise Agreement." Defendants argue that this put RMCF on notice of verbal representations that were at issue in this case. Again, I find that Defendants had the duty to alert RMCF as to any verbal or other misrepresentations that it was relying on through the summary judgment briefs, as discussed above.

Further, while the Counterclaim referred to verbal misrepresentations "consistent with statements contained in the Offering Circular", it did not plead what such misrepresentations were as required by FED. R. CIV. P. 9(b). It certainly did not plead or contain any reference to the alleged verbal misrepresentation by an RMCF salesperson relating to predictions of success for a store at Defendants' chosen location. Defendants also did not seek leave to amend the counterclaim to add this allegation. Allowing Defendants to present this new representation at trial would be unfair and prejudicial as the deadline for amending pleadings is over, the discovery cut-off has passed, and the deadline for file dispositive motions is over. Finally, I agree with RMCF that this misrepresentation is inconsistent with the remaining allegation as articulated in the Amended Counterclaims—that the earnings information of other franchisees in the UFOC did not represent RMCF's knowledge with regard to the actual performance of "each of the 169 franchised stores." This allegation clearly relates to other existing franchisees, not to Defendants' franchise.

Based upon the foregoing, it is

ORDERED that Plaintiff's Motion for Clarification of Court's November 30, 2007 Order (filed June 12, 2007) is **GRANTED** consistent with this Order.

Dated: July 18, 2008

                                      BY THE COURT:

                                      s/ Wiley Y. Daniel
                                      Wiley Y. Daniel
                                      U. S. District Judge